## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BLANCA ESTELA ORTIZ-ROJO
and JOSE LUIS RUIZ-PATINO,

     Plaintiffs,

vs.                                 CASE NO. CV-09-J-2235-NE

RANCHO VIEJO, INC., and
RAUL MARQUEZ,

     Defendants.

## MEMORANDUM OPINION

Pending before the court is the plaintiffs' motion for partial summary judgment (doc. 18) and a brief and evidence support of said motion (doc. 19), to which the defendants have failed to respond.[1]  The court having considered the motion, brief, evidence, and pleadings filed to date, finds as follows:

The plaintiffs sued the defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, claiming they were not paid for all hours they worked.  Complaint, ¶ 17.  Additionally, the plaintiffs assert they were not paid overtime rates for hours worked each week over forty, in violation of 29 U.S.C. § 207.  Complaint, ¶ 18.  In its answer, Rancho Viejo, Inc., admits it was the employer

---

[1]The motion was filed May 19, 2010.  Pursuant to both this court's Scheduling Order, entered February 24, 2010, and Rule 56, Federal Rules of Civil Procedure, the defendants had twenty-one (21) days to file a response.  That date, June 7, 2010, has since passed and no pleading of any kind has been received from the defendants.

of plaintiff Blanco Estela Ortiz-Rojo, and that she is entitled to 25 hours per week at $2.15 per hour for the 90 weeks she worked for defendant. Answer, ¶ 2. Defendant Rancho Viejo, Inc., further admits that Jose Luis Ruiz-Patino was the manager of the cooks and was paid $400.00 per week in cash. Answer, ¶ 3. Defendant estimated that Ruiz-Patino worked 44-45 hours per week for six to seven months before he was fired for stabbing a co-worker. Answer, ¶ 4.

By deposition, defendant Raul Marquez testified that he owns Rancho Viejo. Marquez depo. at 8-9. He determines the rates of pay for his employees. *Id*. at 11. He testified that he had heard of the Fair Labor Standards Act because the Department of Labor sent it to him on a big piece of paper and he has it on a wall. *Id*.

While the plaintiffs were employed, Rancho Viejo did not have a time clock. Marquez depo. at 12. Rather, Marquez knew from memory how many were working. *Id.* He did not keep track of hours because Ruiz-Patino was paid a salary and his other employees were not paid at all. *Id*. at 13. Instead he let them eat whatever they wanted. *Id*. However, Marquez now knows he has to pay an hourly wage under the FLSA. *Id*. at 13-14. Marquez admits he kept no records of the plaintiffs' dates of employment or the hours they worked. *Id*. at 32.

Marquez also did not fill out any forms to employ the plaintiffs because they never brought him their papers. *Id*. at 15-16. That was why he paid Ruiz-Patino in

cash.  *Id.* at 23.  He further testified that his kitchen staff, including Ruiz-Patino, typically worked 50 hours per week.  *Id.* at 26.

Marquez understands that waiters are supposed to be paid $2.18 per hour and they keep their tips.  Marquez depo. at 21.  He did not know how much they are supposed to be paid for overtime.  *Id*.  He testified that the waitresses worked about 50 hours a week.  *Id*. at 45.  However, he then stated that Ortiz-Rojo only worked six hours a day, instead of ten like the other waitresses.  *Id*. at 45-47.

## SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law.  *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  An issue is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the

3

non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

## DISCUSSION

The defendants having failed to dispute that they are liable to the plaintiffs for violations of the FLSA, the court finds that Rancho Viejo, Inc., and Raul Marquez have violated 29 U.S.C. § 206(a) (setting forth rate of pay for minimum wages) with respect to both plaintiffs. The court also finds that the plaintiffs have established that the defendants violated 29 U.S.C § 207 (setting forth the requirements of overtime pay) with respect to plaintiff Jose Luis Ruiz-Patino. The court further finds evidence supports the plaintiffs' assertion that Raul Marquez was, in fact, their employer.

4

The plaintiffs next argue that the defendants should not be given the benefit of the tip credit as to what is owed plaintiff Ortiz-Rojo because they failed to pay her any wages at all.  By definition under the FLSA, a tipped employee is "any employee engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

Pursuant to 29 U.S.C. § 203(m):

In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to--

(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. **The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee**....

29 U.S.C. § 203 (emphasis added).  The above statutory language creates the requirement that an employer pay a tipped employee a wage of at least $2.13 per hour, and claim the employee's tips to make up the difference between $2.13 and the

5

current minimum wage. If these amounts do not add up to the minimum wage, the employer must pay the employee the difference. *See* 29 C.F.R. § 531.59.

An employer, however, cannot claim the employee's tips as wages unless it has provided proper notice to the employee. The employer must inform the employee that it will claim the employee's tips as wages and that this is how they will satisfy the minimum wage. *See* 29 U.S.C. § 203(m); *Kilgore v. Outback Steakhouse*, 160 F.3d 294, 298 (6th Cir.1998). See also *Holder v. MJDE Venture, LLC*, 2009 WL 4641757 at 2 (N.D.Ga.2009); citing *Bernal v. Vankar Enters.*, 579 F.Supp.2d 804, 809-810 (W.D.Tex.2008). The defendant bears the burden of establishing that it is entitled to claim the "tip credit." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir.1979). Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is "entitled to the full minimum wage for every hour worked." *Id.* Because the defendants have put forth no evidence that the tip credit is applicable to the hours worked by Ortiz-Rojo, they are not entitled to claim the benefit of that credit.

The plaintiffs also assert that they are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b). Where there has been a finding that an employer violated the FLSA, the court "generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir.2008). *See also Joiner v. City of Macon*, 814 F.2d 1537, 1538

6

(11th Cir.1987)("liquidated damages are mandatory absent a showing of good faith").

Good faith usually requires "some duty to investigate potential liability under FLSA."

*McGuire v. Hillsborough County, FL*, 511 F.Supp.2d 1211, 1214 (M.D.Fla.2007)

(quoting *Friedman v. South Florida Psychiatric Associates, Inc*., 139 Fed.Appx. 183,

185-86 (11th Cir.2005)).

In the facts before this court, the defendants, through their failure to respond

at all to the plaintiffs' motion for summary judgment, have utterly failed to put forth

any evidence that their violations of the FLSA were in "good faith."  At a minimum,

this would require the defendants, and specifically Marquez, to show that he had "an

honest intention to ascertain what the FLSA requires and to act in accordance with

those requirements." *Wajcman v. Investment Corp. of Palm Beach,* 620 F.Supp.2d

1353, 1358 (S.D.Fla.,2009)(citations omitted).  *See also Chao v. Tyson Foods, Inc*.,

568 F.Supp.2d 1300, 1322 (N.D.Ala.2008), citing 29 U.S.C. § 260 ("The employer

may avoid liquidated damages only if it can prove 'that the act or omission giving rise

to [the FLSA violation] was in good faith and that [it] had reasonable grounds for

believing that [its] act or omission was not a violation of the Fair Labor Standards

Act.'").

The only evidence before this court demonstrates that Marquez openly

admitted he violated the FLSA and that he made no effort to determine whether his

methods of compensating his employees were legal under the FLSA.  Therefore, the court must find that the plaintiffs are entitled to liquidated damages.

Lastly, the plaintiffs assert that they are entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216(b).  That section states, in no uncertain terms, that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  *See also Birdwell v. City of Gadsden, Ala*., 970 F.2d 802, 810 (11th Cir.1992) (stating the district court shall award reasonable attorney's fees where there is a violation of the FLSA), *Pluviose v. American Coach Lines of Orlando, Inc*.,  2010 WL 1999063, 1 (M.D.Fla.2010)(same).

## CONCLUSION

In consideration of the foregoing, the court finds no genuine issue of material fact with regard to the following contentions of the plaintiff:

The  defendants Rancho Viejo, Inc., and Raul Marquez were the employers of the plaintiffs.

The plaintiffs have established that the defendants violated the FLSA.

The defendants are not entitled to retroactive application of the tip credit due to their failure to prove they complied with the statutory requirements to claim such credit.

The plaintiffs are entitled to liquidated damages as the defendants have failed to put forth any evidence that such violations of the FLSA occurred in good faith.

The plaintiffs are entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

The court shall so rule by separate order.

**DONE** and **ORDERED** this the 15th day of June, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE